IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DESMOND THOMAS,　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC # 172291

v.　　　　　　　　　　　　　3:22CV00215-LPR-JTK

WESTON　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Desmond Thomas ("Plaintiff") filed this lawsuit on August 17, 2022, alleging violations of his constitutional rights. (Doc. No. 1). As explained below, to date Officer Weston, the only Defendant, has not been served. (Doc. Nos. 22, 27). As a result, the Court recommends Plaintiff's claims against Defendant Weston be dismissed without prejudice for lack of service.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time....

FED. R. CIV. P. 4(m).

It is the plaintiff's responsibility to provide a valid address for service. Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993)

After screening Plaintiff's Amended Complaint (Doc. No. 8) pursuant to the Prison Litigation Reform Act,[1] on October 6, 2022 the Court ordered service of Plaintiff's claims against Defendant Weston. (Doc. No. 10). On December 13, 2022, summons for Defendant Weston was returned unexecuted, with the notation "addressee not known as noted on package." (Doc. No. 22). (See also Doc. No. 27).

On December 16, 2022, the Court directed Plaintiff to provide a valid service address for Defendant Weston within thirty days. (Doc. No. 24). The Court's December 16 Order advised Plaintiff that if Plaintiff did not do so, and if Defendant Weston is not served, the Court would recommend Plaintiff's claims against Defendant Weston be dismissed without prejudice. (Id. at 1).

This Court's December 16, 2022 Order (Doc. No. 24) constituted notice to Plaintiff, within the meaning of Rule 4, that service should be made within a specified period of time. Yet Defendant Weston still has not been served. Additionally, Rule 5.5(c) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides, in part, that "[i]f any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice." Loc. R. 5.5(c). Plaintiff has not responded to the Court's December 16, 2022 Order.

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

Accordingly, the Court finds that Plaintiff's claims against Defendant Weston should be dismissed, without prejudice, for lack of service.   FED. R. CIV. P. 4; Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993); LOC. R. 5.5(c).

IT IS THEREFORE RECOMMENDED that:

1.   Plaintiff's claims against Defendant Weston be DISMISSED without prejudice for lack of service.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE